**Horace Taylor OLIVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43038.**

Court of Criminal Appeals of Texas.

July 15, 1970.

Rehearing Denied Oct. 14, 1970.

William M. LauBach, Frank C. Herzog, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell, Don Lambright, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery; the punishment, five years.

The appellant contends that the trial court erred in admitting evidence of an extraneous offense.

This contention is directed to the testimony reflecting that a stolen Sears credit card was used, the next morning after the card was taken in a robbery committed the night before, in an attempt to purchase merchandise in a Sears store. After the appellant and his companion had each selected merchandise, appellant's companion tendered the credit card. When they were unable to produce any identification, the clerk called the credit department where it was ascertained that the card was stolen. The appellant left the store, and his companion was apprehended by a store detective. The appellant was posititively identified by the alleged assaulted party as one of two men who took her purse containing the Sears credit card shortly after she left a Sears store going to her car on a nearby parking lot.

The appellant urges that the trial court erred in admitting testimony of the selection by him and his companion, Howard Lawrence, of merchandise at Sears and the tender of the stolen credit card by Lawrence for the reason that the testimony of the assaulted party was unerring, positive and conclusive that he was one of two persons who took her purse containing the credit card.

Testifying in his own behalf, the appellant denied taking the purse and credit card; and further testified that he was at the home of his sister and also his mother's home during the time of the alleged robbery. He called his sister and mother as witnesses, and their testimony corroborated his alibi.

The appellant testified that he was with Howard Lawrence at the Sears store at the time in question, that they selected some merchandise, and that he was not "stealing" because he did not sign for the merchandise but that Lawrence did.

■ The testimony of the tender of the stolen credit card after the selection of merchandise by appellant and Lawrence was admissible to combat the defense of alibi and to identify and connect the appellant with the offense charged. 1 Branch 2d 200, Sec. 188; 23 Tex.Jur.2d 304, Sec. 197.

The second ground is that the trial court erred in its charge to the jury on extraneous offenses.

It is argued that there is no evidence that the appellant committed offenses other than the offense alleged against him in the indictment.

■ The evidence is sufficient to authorize the finding that the appellant acting as a principal with Howard Lawrence did fraudulently use another's credit card. Art. 1555c, Vernon's Ann.P.C.

The court charged the jury upon the law applicable to principals, alibi, and limited the jury's consideration of other offenses, if any, in determining appellant's identity in connection with the offense alleged and for no other purpose.

■ The requested charge of the appellant telling the jury to disregard the testimony, if any, of other offenses than the one charged against him for any purpose was refused. There were no objections to the limiting charge as given. The second ground of error is overruled.

In his brief the appellant contends that: "The Trial Court committed reversible er-

ror in overruling Appellant's Bill of Exception."

 The appellant sought by formal bill to complain of the prosecutor's argument to the jury. The bill was timely refused by the "Judge, Presiding." No further action pertaining to the bill appears in the record. No error is shown.

The judgment is affirmed.